(28 Misc. Rep. 654.)

## GETMAN v. DORR.

(Supreme Court, Special Term, Jefferson County. June, 1899.)

EQUITY—ACCOUNTING BETWEEN LANDLORD AND TENANT—REMEDY AT LAW.

A court of equity will not entertain jurisdiction of an action for an accounting and division of property between a landlord and his tenant, who holds under a written contract letting a farm and personal property on shares, since there is an adequate remedy at law.

Bill in equity for an accounting by Munroe D. Getman against John Dorr, Sr. Dismissed.

Breen & Breen, for plaintiff.
W. F. Ford, for defendant.

WILLIAMS, J. This is a small matter, and I can very readily settle the accounts between the parties, if I have the power to do so. The defendant claims, however, that an action for an accounting cannot be maintained in the case. The farm was owned by defendant, and was occupied by plaintiff under a written agreement, by which defendant let the farm, stock, and personal property to the plaintiff; the plaintiff to do all the work; some of the proceeds of the farm to be divided, others to be sold; defendant to receive money therefor, and to pay to plaintiff one-half thereof. There were also numerous provisions in detail as to proper carrying on of the farm, and leaving hay, wood, etc., on the farm for the benefit of defendant. Apparently it was a letting of the farm and personal property, to be worked on shares. The term was from March 1, 1898, to March 1, 1899. The action was commenced the last day of February, 1899, the last day of the term. The parties disagreed about some things, and this action was brought for an accounting, and for a division of some of the property, as to which they could not agree. The accounting is sought to be had in equity on the ground, not that the accounts were complicated, or that any discovery was necessary (an action at law would afford an adequate remedy in these respects, as well as an action in equity), but on the ground that defendant held the moneys sought to be recovered in a fiduciary or trust relation. These are the only three grounds upon which an action in equity for

an accounting could be maintained. Marvin v. Brooks, 94 N. Y. 71; Uhlman v. Insurance Co., 109 N. Y. 433, 17 N. E. 363. It is not apparent that there was any trust or fiduciary relation existing as to the moneys held by defendant giving the court any equitable jurisdiction upon that ground. A recovery could be had at law for plaintiff's share of the money as soon as the account was taken and the amount ascertained. No discovery was necessary, because the plaintiff knew all about matters as well as the defendant. Nor would it seem to be necessary to go into a court of equity to determine the rights of the parties in any undivided property. All the questions involved could be as well determined in an action at law as to make the very large expense of an action in equity. These disputes are ordinarily settled and adjusted in justice's court, where the expense is small; and a precedent ought not to be established of allowing these small matters to be brought into a court of equity, where, as in this case, the whole amount involved is not sufficient to pay the costs of the action. There being an adequate remedy at law, the court must dismiss the complaint, and leave the parties to their remedy in an action at law.

Judgment must therefore be ordered dismissing the complaint, with costs.

Formal decision will be prepared and agreed upon as to form, and presented for signature.